UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

DR. CHINYERE U. ANYANWU,

    *Plaintiff*,

v.     Case No. 5:24-CV-0076-JKP-RBF

CITY OF SAN ANTONIO,

    *Defendant*.

### MEMORANDUM OPINION AND ORDER

The Court has under consideration Defendant's Motion for Summary Judgment (ECF No. 16). Pursuant to Fed. R. Civ. P. 56, Defendant seeks summary judgment on all remaining claims in this action. The Court previously dismissed claims asserted against Defendant under 42 U.S.C. §§ 1983 and 1985. *See* ECF No. 15. With Plaintiff's response (ECF No. 21) and Defendant's reply brief (ECF No. 23) the summary judgment motion is ripe for ruling. After reviewing all relevant matters of record and the applicable law, the Court grants the motion.

### I. BACKGROUND[1]

Defendant hired Plaintiff on July 16, 2007. Defendant terminated her employment on May 9, 2023. She filed a Charge of Discrimination on October 13, 2023, alleging discrimination based on age, national origin, race, and religion that occurred between March 8, 2023, and May 9, 2003. *See* ECF No. 2-1 (Ex. A). The Equal Employment Opportunity Commission issued a right to sue letter on October 20, 2023. *See id.* (Ex. B).

On January 19, 2024, Plaintiff commenced this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and the Age Discrimination in Employment Act

---

[1] The factual background is uncontested unless otherwise noted. The Court considers disputed facts in the light most favorable to the non-movant as required through the summary judgment process.

("ADEA"), 29 U.S.C. § 621, et seq. *See* Compl. (ECF No. 2). She alleges discrimination based upon her race (African American), national origin (Nigerian), age, and religion (Christian). *Id*. ¶¶ 6–9. She also asserts an accompanying state claim under Tex. Labor Code § 21.001. *Id*. ¶ 10. This latter claim arises under the Texas Commission on Human Rights Act ("TCHRA"), *Gorman v. Verizon Wireless Tex., LLC*, 753 F.3d 165, 168 (5th Cir. 2014), which is Texas's equivalent of Title VII, *see Reed v. Neopost USA, Inc.*, 701 F.3d 434, 439 (5th Cir. 2012) (discussing the TCHRA).

On October 29, 2024, Defendant moved for summary judgment on all remaining claims. Plaintiff filed her response, in which she asserts that summary judgment is not warranted because there are genuine disputes of material fact on each element of her claims asserted under Title VII, including retaliation. Resp. ¶ 5. But she asserts no claim of retaliation. *See*, *generally*, Compl. And her response does not address her claim under the ADEA. *See*, *generally*, Resp. She objects to Defendant's summary judgment evidence on grounds that the evidence "is neither properly authenticated nor admissible." *Id*. ¶ 18. In reply, Defendant contends its evidence is properly before the Court and urges the Court to consider facts as undisputed because Plaintiff has not properly supported her assertions of fact or failed to properly address its assertions of fact. Reply at 2, 5.

Thereafter, the assigned Magistrate Judge denied a motion for leave to amend. *See* ECF No. 24. Plaintiff sought to add claims of retaliation and "prima facie case of pretextual discrimination." *Id*. at 2. The Magistrate Judge denied leave to amend to add either claim. *See id*. at 4–5.

## II. PRELIMINARY PROCEDURES AND OBJECTIONS

Defendant has set out its undisputed material facts in separately numbered paragraphs. *See* Mot. ¶¶ 1–31. This complies with the undersigned's Standing Order, which provides:

> The facts set forth in any motion shall be stated in separately numbered paragraphs with citation to a particular pleading or other part of the record supporting the

party's statement. All positions and statements contained in the body of any motion or any responses must contain specific cites to the record supporting the party's statement. The Court will not search the record for evidence and may not consider any evidence that is not specifically cited in the parties' briefs.

*See* Standing Order in Civil Cases (ECF No. 5) ¶ 2a.

Rather than respond directly to whether these facts are contested, Plaintiff has provided her own "Statement of Facts," without citation to the record. *See* Resp. ¶¶ 7–13. The failure to include citations to the record directly violates the Standing Order quoted above. Additionally, this Court recently had occasion to comment on a failure to directly contest a movant's asserted undisputed facts:

> Through their response, Plaintiffs create unnecessary uncertainty as to what facts are disputed merely by the way they respond to the asserted undisputed facts of Defendants. The better practice is for a responding party to directly contest or concede asserted uncontested facts on a paragraph-by-paragraph basis if possible and then state the respondent's own uncontested facts on a paragraph-by-paragraph basis so that the movant can reply on a paragraph-by-paragraph basis in reply. Such practice provides more definitiveness as to which facts are in dispute.

*State Farm Mut. Auto. Ins. Co. v. Misra*, No. SA-22-CV-806-JKP, 2025 WL 1746676, at *2 (W.D. Tex. June 23, 2025).

Plaintiff also asserts objections to evidence proffered by Defendant. *See* Resp. ¶ 18. She objects that the evidence is neither properly authenticated nor admissible. *Id*. She asks the Court to strike an affidavit from Debra Wainscott as lacking in personal knowledge and including opinion testimony and impermissible hearsay. *Id*. She also seeks to strike an independent investigation report that she contends is ambiguous, contains impermissible hearsay, and lacks proper authentication. *Id*. In addition she objects to an unqualified expert witness and to a lay witness who is also an interested witness. *Id*.

Plaintiff's focus on present admissibility is misplaced. "At the summary judgment stage, evidence need not be authenticated or otherwise presented in an admissible form." *Maurer v.*

3

*Independence Town*, 870 F.3d 380, 384 (5th Cir. 2017). This is so because following "a 2010 revision to Rule 56, materials cited to support or dispute a fact need only be capable of being presented in a form that would be admissible in evidence." *Id.* (citation and internal quotation marks omitted). Thus, "it is not dispositive whether the [cited materials] in their current form are admissible in evidence." *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016).

Under Rule 56(c)(1)(B), Plaintiff may show that Defendant "cannot produce admissible evidence to support the fact." This latter showing relates to objecting that a fact is not supported by admissible evidence as permitted by Rule 56(c)(2). This objection is narrower than objecting that the cited material itself is inadmissible as evidence. The objection under Rule 56(c)(2) goes to whether the party proffering evidence can present the evidence "in a form that would be admissible in evidence."

The objection permitted through Rule 56(c)(2) avoids "the use of materials that lack authenticity or violate other evidentiary rules." *Lee v. Offshore Logistical & Transp., LLC*, 859 F.3d 353, 355 (5th Cir. 2017). It "functions much as an objection at trial, adjusted for the pretrial setting. The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated." Fed. R. Civ. P. 56(c)(2) advisory committee's note to 2010 amendment. But like trial, that burden is not placed on the proponent until the party opposing the evidence properly asserts the objection and identifies the basis for it.

Plaintiff does not properly object under Rule 56(c)(2). She makes no attempt to address whether Defendant "cannot produce admissible evidence to support" its purported undisputed facts. Plaintiff merely complains that some cited materials are inadmissible in their current form. The stated objection is insufficient to transfer the burden to Defendant "to show that the material

4

is admissible as presented or to explain the admissible form that is anticipated." Whether cited material is or contains hearsay does not of itself make the material excludable on summary judgment.

As for Plaintiff's objection to an unidentified lay witness or to an unreliable expert, Plaintiff's conclusory objections are insufficient for the Court to disregard any evidence. Plaintiff has asserted no viable objection against Defendant's factual assertions. Further, for reasons discussed more later, neither Plaintiff's limited statement of facts nor her proffered evidence create any genuine dispute of material fact. Additionally, because Plaintiff has not cited to the record to support her facts, the Court may appropriately disregard them. "Mere conclusory allegations are not competent summary judgment evidence, and they are therefore insufficient to defeat or support a motion for summary judgment." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). Once the movant satisfies its summary judgment burden, "the nonmovant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine [dispute] of material fact for trial—that is, the nonmovant must come forward with evidence establishing each of the challenged elements of its case for which the nonmovant will bear the burden of proof at trial." *Id.* (replacing former operative word, "issue," with now utilized "dispute").

### III. SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "As to materiality, the substantive law will identify which facts are material" and facts are "material" only if they "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over material facts qualify as "genuine" within the meaning of Rule 56 when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Given the required existence of a genuine dispute of

material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247–48. A claim lacks a genuine dispute for trial when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This includes identifying those portions of the record that the party contends demonstrate the absence of a genuine dispute of material fact. *Id.*

When "the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is [a genuine dispute] of material fact warranting trial." *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 301–02 (5th Cir. 2020) (quoting *In re: La. Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017)). The movant need not "negate the elements of the nonmovant's case." *Austin v. Kroger Tex., LP*, 864 F.3d 326, 335 (5th Cir. 2017) (emphasis omitted) (parenthetically quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 n.16 (5th Cir. 1994) (en banc)). In these instances, however, the movant must "point[] out that there is no evidence to support a *specific element* of the nonmovant's claim"; rather than making "a conclusory assertion that the nonmovant has no evidence to support his *case*." *Id*. at 335 n.10.

When considering a motion for summary judgment, courts view all facts and reasonable inferences drawn from the record "in the light most favorable to the party opposing the motion." *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 234 (5th Cir. 2016) (citation omitted). Once the movant has carried its summary judgment burden, the burden shifts to the non-movant to establish

a genuine dispute of material fact. With this shifting burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Heinsohn*, 832 F.3d at 234 (citation omitted). Additionally, courts have "no duty to search the record for material fact issues." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010); *accord Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012).

## IV. ANALYSIS

It is unlawful under both Title VII and the ADEA for an employer to discriminate against an employee. *See* 42 U.S.C. § 2000e-2(a)(1); 29 U.S.C. § 623(a). Courts interpret these statutes consistently given their similarities. *Brewer v. Lavoi Corp.*, No. 3:13-CV-4918-N, 2014 WL 4753186, at *3 (N.D. Tex. Sept. 24, 2014) (accepting recommendation of Mag. J.). Similarly, claims under the TCHRA essentially parallel claims under Title VII. *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 439 (5th Cir. 2012). And, as discussed in more detail later, there is one significant difference between Title VII/TCHRA claims and an ADEA claim.[2] *See id.* at 440.

Defendant argues that Plaintiff's claims fail because (1) she cannot establish the elements of a prima facie case under Title VII or the ADEA and (2) even if she could establish a prima facie case under either statute, it has carried its burden to articulate a legitimate, non-discriminatory reason for terminating Plaintiff, and she has no evidence that its reasons were untrue or simply a pretext for discrimination. Because Defendant has carried its summary judgment burden, Plaintiff must come forward with evidence to establish a factual dispute requiring a trial.

---

[2] Because Plaintiff does not address her ADEA claim in her response, the Court finds that she has abandoned it. *See Tex. Cap. Bank N.A. v. Dallas Roadster, Ltd (In re Dallas Roadster, Ltd.)*, 846 F.3d 112, 125–26 (5th Cir. 2017). The Court, nevertheless, addresses it on the merits because the same analysis essentially applies to it as to Plaintiff's other discrimination claims.

"Title VII's disparate-treatment provision bars employers from intentionally discriminating against their employees on the basis of race, color, religion, sex, or national origin." *Ames v. Ohio Dep't of Youth Servs.*, 605 U.S. 303, 308 (2025) (citing 42 U.S.C. § 2000e–2(a)(1)). When, as here, Plaintiff's Title VII claims are based on circumstantial evidence, the *McDonnell Douglas*[3] burden-shifting framework applies. *See Stroy v. Gibson*, 896 F.3d 693, 698 (5th Cir. 2018). The same framework applies to claims asserted under the TCHRA, *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 439 (5th Cir. 2012), and the ADEA, *Munoz v. Seton Healthcare, Inc.*, 557 F. App'x 314, 320 (5th Cir. 2014) (per curiam).

In *McDonnell Douglas*, the Supreme Court "laid out a three-step burden-shifting framework for evaluating" disparate-treatment claims. *Ames*, 605 U.S. at 308. This "framework aims to 'bring the litigants and the court expeditiously and fairly to th[e] ultimate question' in a disparate-treatment case—namely, whether 'the defendant intentionally discriminated against the plaintiff.'" *Id.* (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)). The Supreme Court has assumed without deciding that the "framework applies at the summary-judgment stage of litigation," *id.* at 308 n.2, and this Court will do the same.

The framework first places upon the plaintiff "the 'initial burden' of 'establishing a prima facie case' by producing enough evidence to support an inference of discriminatory motive." *Id.* at 308 (quoting *McDonnell Douglas*, 411 U.S. at 802). In general, this "step of the *McDonnell Douglas* framework—the prima facie burden—is 'not onerous.'" *Id.* at 309 (quoting *Burdine*, 450 U.S. at 253). And the Supreme Court "has repeatedly explained that the precise requirements of a prima facie case can vary depending on the context and were never intended to be rigid, mechanized, or ritualistic." *Id.* at 310–11 (citations and internal quotation marks omitted). Indeed, "the

---

[3] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

8

'facts necessarily will vary in Title VII cases,' and that 'the prima facie proof required' can therefore differ from case to case." *Id.* at 311 (quoting *McDonnell Douglas*, 411 U.S. at 802 n.13). But there is "no room for courts to impose special requirements on majority-group plaintiffs alone." *Id.* at 310.

If the plaintiff carries the initial prima facie burden, "the burden then 'shift[s] to the employer to articulate some legitimate, nondiscriminatory reason for the employee's rejection.'" *Id.* at 308–09 (quoting *McDonnell Douglas*, 411 U.S. at 802). And "if the employer articulates such a justification, the plaintiff must then have a 'fair opportunity' to show that the stated justification 'was in fact pretext' for discrimination." *Id.* at 309 (quoting *McDonnell Douglas*, 411 U.S. at 804). This opportunity provides plaintiffs with two avenues to show pretext—"either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Burdine*, 450 U.S. at 256. While under Title VII (or its equivalent under Texas law, TCHRA), the plaintiff may show that "the defendant's reason, while true, was only one reason for its conduct and discrimination is another motivating factor," the ADEA requires the plaintiff to "prove that age was the 'but for' cause of the challenged adverse employment action." *Reed*, 701 F.3d at 440–41.

Whether Plaintiff bases her Title VII/TCHRA discrimination claims on her race (African American), national origin (Nigerian), or religion (Christian) or seeks relief under the ADEA, the Court applies the same approach and analysis with appropriate differences in the required prima facie proof and elements. Given the potential differences of the prima facie case, and the low threshold for satisfying that burden, the Court will assume without deciding that Plaintiff has satisfied that initial burden for her ADEA claim, and her claims of discrimination based on race, national origin, and religion. Still, it recognizes that the summary judgment evidence shows that,

9

Defendant eliminated her position after terminating Plaintiff, no one replaced Plaintiff, and she has not shown that she was treated less favorably than other similarly situated employees outside her protected groups. Further, "the subjective belief of a plaintiff is not sufficient to establish a prima facie case of discrimination under Title VII, the ADEA, or the TCHRA." *See Vasquez v. Nueces Cnty.*, 551 F. App'x 91, 94 (5th Cir. 2013) (per curiam) (citing *Baltazor v. Holmes*, 162 F.3d 368, 377 n.11 (5th Cir. 1998)).

Regardless of whether Plaintiff has carried her burden to establish a prima facie case of discrimination under Title VII/TCHRA and the ADEA, Defendant has proffered a legitimate reason for its employment decision. Defendant has provided summary judgment evidence that the decision to terminate Plaintiff was based solely on Plaintiff's conduct. After a third employee filed an internal ethics complaint against Plaintiff, Defendant retained an independent, third-party to investigate the complaint. That investigation revealed multiple instances of unprofessional behavior and policy violations. *See* ECF No. 16-10 (Ex. J) at 3–11. Defendant has clearly and unambiguously articulated a legitimate, non-discriminatory reason for terminating Plaintiff.

That articulated reason returns the burden to Plaintiff to show pretext. At this stage, the question is thus whether Plaintiff "has shown that there is a genuine [dispute] of material fact as to whether this reason was pretextual." *Jackson v. Cal–W. Packaging Corp.*, 602 F.3d 374, 378 (5th Cir. 2010) (replacing former operative word, "issue," with now utilized "dispute"). Although she can do so directly or indirectly, Plaintiff fails in both regards. She has not presented evidence to show that her age was the but for cause of her termination. Nor has she presented evidence to persuade this Court that the termination decision of Defendant was more likely motivated by a discriminatory reason. Additionally, she fails to present evidence showing that the employer's proffered explanation is unworthy of credence.

Plaintiff instead relies on conclusory allegations and unsupported assertions, while failing to cite to the record for any assertion of fact in her statement of facts or argument sections. Her entire argument in response to Defendant's motion for summary judgment is that

> there is a material fact issue on the element of actual violation by [her] of any codified requirements that are more than ordinary workplace grievances and proof that [her] complaint was treated the same as the complaint of the White supervisor's assistant pursuant to the "CPS's Equal Employment Opportunity and Anti-Harassment Policy."

Resp. ¶ 17. In paragraph 19 of her Complaint, she does finally point to some evidence that she attaches to her response. But these excerpts from her own deposition do not create a genuine dispute of material fact as to whether the reasons for her termination were mere pretext.

That a plaintiff has "a subjective belief that [she] was the victim of . . . discrimination is insufficient to create an inference of discriminatory intent." *Berry v. Parish*, 834 F. App'x 843, 846 (5th Cir. 2020) (per curiam) (citing *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 654 (5th Cir. 2004)). Likewise, Plaintiff's own "self-serving statements" that she did not engage in the conduct put forth as the reason for her termination "are insufficient to create a triable issue of fact" as to whether Defendant fired her because of her age, race, national origin, or religion. *Jackson*, 602 F.3d at 379. When "an employer discharges an employee based on the complaint of another employee, the issue is not the truth or falsity of the allegation, but 'whether the employer reasonably believed the employee's allegation and acted on it in good faith.'" *Id*. (quoting *Waggoner v. City of Garland*, 987 F.2d 1160, 1165 (5th Cir. 1993)). As in *Jackson*, Defendant here had considerable evidence that Plaintiff had been violating company policy is various respects and Plaintiff has presented no evidence as to why Defendant's reliance on such evidence was in bad faith. *See id*. Conclusory assertions that one "did not behave inappropriately is irrelevant," because Plaintiff has provided nothing to suggest that Defendant's decision to trust the results of the investigation, "rather than h[er] self-serving denial of wrongdoing, was unreasonable or in bad faith." *Id*.

11

## V. CONCLUSION

After reviewing the briefing and summary judgment evidence, Plaintiff's complaint, and the relevant law, the Court **GRANTS** Defendant's Motion for Summary Judgment (ECF No. 16). By separate document, the Court will enter Final Judgment for Defendant.

**SIGNED this 22nd day of August 2025.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**